

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 23, 1963

Honorable Henry Wade
District Attorney
Dallas County
Records Building
Dallas, Texas

Dear Mr. Wade:

Opinion No. C-82

Re: Whether a non-lawyer employee
of a corporation may legally
file a petition in a small
claims court in behalf of
the corporation.

The question posed by your opinion request is as follows:

"There presently exists in Dallas
County a division of opinions among the
Justices of the Peace as to the legality
of a corporation filing cases in the
Small Claims Courts through the use of
non-lawyer employees. . . .

" . . .

"By way of example, we respectfully
submit the following factual situation.

"An incorporated department store,
public utility, etc. desires to file a
petition in the Small Claims Court.  A non-
attorney employee with knowledge of the
facts involved goes to the Justice Court
and fills in the blanks of a form petiti-
tion as the same is set forth in said Art.
2460a (Small Claims Act).  He signs the
petition in behalf of the employer corpo-
ration and subscribes and swears to the
same before the Judge of the Court. Such
acts constitute the limit of his duties
other than appearing as a witness when
called upon to do so by a licensed at-
torney, or by the Court, under the authori-
ty of Section 9, Art. 2460a, V.C.S."

Section 4 of Article 2460a, Vernon's Civil Stat-
utes, reads in part:

-401-

"Actions shall be commenced under the
provisions of this Act whenever the claimant,
or the personal representative of a deceased
claimant, appears before the judge of the
Small Claims Court and files a statement of
his claim under oath.  . . ." (Emphasis add-
ed).

Section 4 of Article 2460a specifically provides
that the claimant shall appear before the judge of the
court and file a written statement under oath.  Therefore
in the case of a corporation, the representative or agent
of the corporate claimant would have to appear and file
the sworn statement in order to commence an action.  If
the employee who files a claim is empowered to act for
the corporation, he should have personal knowledge of the
facts in order to make the affidavit, but whether he is an
attorney would have no bearing on his authority to file the
claim.  The purpose of the act was to provide a manner in
which small claims could be collected at a minimum of ex-
pense and without the necessity of retaining an attorney.
It is the opinion of this office that a non-lawyer employee
of a corporation may legally file a petition in the small
claims court in behalf of the corporation.

## SUMMARY

A non-lawyer employee of a corporation
who is empowered to act for the corporation
may legally file a claim in the small claims
court in behalf of the corporation.

Yours very truly,

WAGGONER CARR
Attorney General

By *Jack G. Norwood*

Jack G. Norwood
Assistant

JGN:wb:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Sonny Davis
Gordon Zuber
Edward Moffett
V. F. Taylor

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone